FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 NOV -7 A 11: 02

CLERK'S OFFICE
AT G...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DELFON L. HARE, SR., | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-16-3321 |
| PHILIP C. NICHOLS, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

Plaintiff Delfon L. Hare, Sr. filed a self-represented civil rights complaint on October 3, 2016. ECF 1. Plaintiff has also filed a Motion for Leave to Proceed In Forma Pauperis (ECF 2) which shall be granted. Plaintiff complains that the Circuit Court for Prince George's County, Maryland dismissed his civil complaints challenging the entry of a guilty finding in absentia in a criminal proceeding. ECF 1. Plaintiff seeks declaratory relief reversing the dismissal of his state civil cases. *Id.*, p. 3.

This Court is obliged by 28 U.S.C. § 1915(a)(1) to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

"Under the *Rooker-Feldman*[1] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997). "[T]he *Rooker-Feldman* doctrine . . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *American Reliable Ins.*, 336 F.3d at 391. In light of the foregoing, Plaintiff's complaint shall be dismissed without prejudice. If Plaintiff believes his constitutional rights were violated in his underlying criminal proceedings, he is free to file the appropriate complaint raising those allegations. This Court, however, must refrain from reviewing the state court's determinations as to Plaintiff's civil claims.

A separate Order follows.

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).